# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

William Arnold Muckerheide ("Pro se" Litigant.)
1390 Lillie Drive
Bosque Farms, NM 87068
(505) 869-0826

CASE NO. _____ 08 CV 1159 LH/LFG

08 DEC 17 PM 4:28

CLERK ALBUQUERQUE

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983
ETC.

A. Jurisdiction - Plaintiff & Defendant names
1) William Arnold Muckerheide,
PLAINTIFF (Address above.)

2) DEFENDANTS
ALL were/are acting under color of state law from 6/19/03 to the present.. ["YES"]

A) The New Mexico Taxation and Revenue Department (T&R) and its Motor Vehicle Division (MVD).

Secretary of Taxation
1100 South St. Francis Dr
P.O. Box 630
Santa Fe, NM 87504-0630

Director, New Mexico Motor Vehicle Division
P.O. Box 1028, Joseph Montoya Building
Santa Fe, NM 87504

B) The Town of Tisbury, Massachusetts, its governing body, and its Tax Collector, Mr. Timothy W. McLean, during the period March, 2003 to the present.

Board of Selectmen
Tisbury Town Hall
51 Spring Street, P.O. Box 1239
Vineyard Haven, MA 02568

Mr. Timothy W. McLean, Tax Collector
Office of the Tax Collector
Tisbury Town Hall
51 Spring Street, P.O. Box 1239
Vineyard Haven, MA 02568

C) The Massachusetts Registry of Motor Vehicles, including its Registrar, from the date of its original Problem Driver Pointer System (PDPS) misuse to the present.

Registrar
Massachusetts Registry of Motor Vehicles
1135 Tremont St., P.O. Box 55889
Boston, MA 02120

D) The U.S. Dept. of Transportation and its National Highway Traffic Safety Administration, those cognizant of, exercising control over, and affecting the misuse of the PDPS, to the present.

U.S. Dept. of Transportation
National Highway Traffic Safety Administration
400 Seventh St., S.W.
Washington, DC 20590

E) Alan N. Cote, Massachusetts Supervisor of Public Records

Alan N. Cote, Supervisor of Records
Massachusetts Supervisor of Public Records Office
One Ashburton Place, Room 1719
Boston, MA 02108-1512

Joseph Walsh, Staff Attorney
Massachusetts Supervisor of Public Records Office
One Ashburton Place, Room 1719
Boston, MA 02108-1512

F) American Association of Motor Vehicle Administrators (AAMVA), and its Board of Directors, those cognizant of, exercising control over, and affecting the misuse of the PDPS, to the present.

Board of Directors
American Association of Motor Vehicle Administrators
4301 Wilson Boulevard, Suite 400
Arlington, VA 22203

The Defendants are all public officials, including those AAMVA Board of Directors personnel who are "chief driver licensing officials" as described in 49 U.S.C. 303 et seq., and their designees.

4) JURISDICTION IS INVOKED PURSUANT TO . . . YOU MAY LIST THEM.

Plaintiff alleges that some or all of the listed Federal Statutes have been violated.
42 U.S.C. § 1983 (Civil), 42 U.S.C. § 1985, 42 U.S.C. § 1986, 28 U.S.C. § 1343,
18-U.S.C. § 241/242 (Criminal), 49 U.S.C. § 303 et seq.

## B. NATURE OF THE CASE (BACKGROUND)
### 1) BRIEF BACKGROUND

On June 19, 2003, Plaintiff attempted to renew his drivers license at a New Mexico MVD office. His driver's license renewal was denied through the SYSTEMATIC misuse of the Problem Driver Pointer System (PDPS) by the states of Massachusetts and New Mexico (which involved a supposed "excise tax" from **1979**). This deprivation was IMMEDIATE, with no hearing from that time to the present.

Plaintiff has been fruitlessly attempting to resolve this issue ever since ("Administrative Relief."), after a great many letters to both Massachusetts public officials and New Mexico public officials, including repeated references to violations of Plaintiff's Due Process and other Constitutional Rights, as shown in two documents soon to be electronically filed. These two documents list the many violations BY DEFENDANTS in considerable detail, enough to produce a 9-page Table. The two documents conclusively show that - with the copies themselves - Plaintiff's various Rights have been repeatedly violated, often using the Defendant's own documents to do so.

Please note that this Complaint is closely related to the Muckerheide v. Village of Bosque Farms Complaint filed at the same time as this one.

## C. CAUSE OF ACTION
### 1) ALLEGED RIGHTS, PRIVILEGES OR IMMUNITIES VIOLATED
#### A)(1) COUNT I

Deprivation of drivers license with neither a pre-deprivation or post-deprivation hearing as required by Due Process, and as described in four separate United States Supreme Court cases from 1971 to 1983.

#### (2) SUPPORTING FACTS

Federal statute 49 U.S.C Chapter 303 authorizes and controls the use of the PDPS. The Statute states that PDPS "pointers" can only be placed in the system "for cause" which, to Plaintiff, is a requirement that Due Process applies. The subject deprivation did not satisfy this requirement, as required by the United States Supreme Court "Line of Four" decisions listed below.

Early submission of this long-planned and long-worked-on suit has been forced by a 11/26/08 traffic stop in Bosque Farms (Complaint submitted with this one), and subsequent loss of Plaintiff's expired driver's license. Consequently, Plaintiff, as a "pro se" litigant, respectfully requests the indulgence of the Court to permit Plaintiff to submit a two-document listing of the alleged "Counts", soon to be electronically filed. Review of the documents shows many Counts,

thus many violations listed in chronological order "by-Defendant". A partial list of violations includes Due Process, both Substantive and Procedural, plus Equal Protection (due to the nature of the PDPS system, which focuses on those who have moved to another state which introduces the "interstate travel" issue often addressed by the Supreme Court). Also the Sixth Amendment (informed of the nature and cause), which took 9-10 months to determine.

The long-term efforts by Plaintiff indicate state policies of resistence to four U.S. Supreme Court decisions that define a driver's license (and vehicle registration) as a "Protectible Property Interest". The four United States Supreme Court decisions are: BELL v. BURSON, 402 U.S. 535 (1971), DIXON v. LOVE, 431 U.S. 105 (1977), MACKEY v. MONTRYM, 443 U.S. 1 (1979), and ILLINOIS v. BATCHELDER, 463 U.S. 1112 (1983). For example, From BELL v. BURSON, 402 U.S. 535 (1971): "While "[m]any controversies have raged about . . . the Due Process Clause," ibid., it is fundamental that EXCEPT IN EMERGENCY SITUATIONS (and this is not one) 5 due process requires that when a State seeks to terminate an interest such as that here involved, it must afford "notice and opportunity for hearing appropriate to the nature of the case" before the termination becomes effective." [Emphasis added]

And from MACKEY v. MONTRYM, 443 U.S. 1 (1979):
"Here, as in Love, the private interest affected is the granted license to operate a motor vehicle. More particularly, THE DRIVER'S INTEREST IS IN CONTINUED POSSESSION AND USE OF HIS LICENSE PENDING THE OUTCOME OF THE HEARING DUE HIM. AS WE RECOGNIZED IN LOVE, THAT INTEREST IS A SUBSTANTIAL ONE, FOR THE COMMONWEALTH WILL NOT BE ABLE TO MAKE A DRIVER WHOLE FOR ANY PERSONAL INCONVENIENCE AND ECONOMIC HARDSHIP SUFFERED BY REASON OF ANY DELAY IN REDRESSING AN ERRONEOUS SUSPENSION THROUGH POSTSUSPENSION REVIEW PROCEDURES. 431 U.S., at 113 ." [Emphasis added]

Plaintiff's "interest" is indeed a substantial one. It severely restricts his ability to food shop, access to the POST OFFICE, drugstore, etc., etc. Because of the arbitrary deprivation of his driver's license in 2003, his motor-vehicle use has been restricted to near-NECESSITY to reduce the risk of being stopped. Driving to a typical social activity is quite rare. For example, use of his Chevy pickup, for the 3 years after the deprivation, was about 57% lower than the 3 years before. Plaintiff is requesting some type of interim relief from the Court. ( Right to "Enjoy property")

Plaintiff's research has thus far shown that the ONLY "compelling state interest" that state government has over motor vehicles and driving is that of public (traffic) safety. (Other legitimate state interests, e.g., taxes/fees are not "compelling".) Thus, the law legitimately requires that individuals be licensed by passing the driving tests - both written and driving - to demonstrate they are qualified to drive; that motor vehicles have a visible means of identifying the registered owner in case of e.g., an accident or other endangerment; and that vehicle insurance or proof of financial responsibility be maintained in case of an accident to protect the public and its individual members. To the best of Plaintiff's knowledge, these laws are valid because they satisfy the "compelling state interest" of public safety. Please note that the deprivation of the driver's license itself does NOT destroy the qualification it certifies.

Plaintiff firmly believes he has satisfied ALL these requirements since he was arbitrarily deprived of his driver's license in June, 2003. Because of the many refused attempts to obtain

Administrative Relief, combined with MVD violations of the NMSA 14-2 IPRA, Plaintiff has "shut off" the MVD from all further money and so informed the MVD (referenced documents will be filed).

Plaintiff does not believe that a questionable $20 tax claimed to be owed in 1979 is sufficient reason to deprive him of his driver's license 24 years later, without the Due Process requirement of a hearing, whether it is actually owed or not, and CERTAINLY does not justify multiple, repeated deprivations of his Fundamental and other Constitutional Rights from the year 2003 to the present. Furthermore, if there was a truly "compelling" interest in collecting this tax, the MA RMV and Tisbury would NOT have waited 24 years to do so - Plaintiff will show that he could easily have been located during that time. The PDPS misuse appears to be an "administratively convenient" way to collect a tax that Plaintiff may or may NOT actually owe.

Plaintiff formally requests that "Strict Scrutiny" be applied to all violations of Fundamental Constitutional Rights.

Please note that the United States Supreme Court has many times stated that - essentially - an individual may not be punished for exercising his or her Constitutional Rights. Plaintiff firmly believes that he has been doing just that from June, 2003 to the present, while attempting to obtain "Administrative Relief"; that he has rejected only ARBITRARY state authority, necessary to lead a minimally normal life.

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.
   1) Previous Lawsuit? "NO"
   2) Previously sought informal or formal relief (Part C.)  "YES"
Very extensive attempts to obtain relief, including copies of all Plaintiff's correspondence. This is the primary subject of the suit.

E. REQUEST FOR RELIEF - Preliminary.
Plaintiff respectfully requests that the Court keep in mind the he can never be entirely "made whole".

1) - Plaintiff's driver's license to be renewed immediately, by the most expeditious means, including a completely clean driving record from NM MVD. Plaintiff will soon be electronically filing a Request for a Court Order on this subject.

2) - A detailed investigation by the Dept. of Justice for systematic violations of Constitutional Rights under the applicable criminal statutes as a Class Action part of the lawsuit (soon to be filed/requested), and proper, responsible actions taken in the victims' and public interests.

3) - Plaintiff requests both compensatory (including repeated NMSA 14-2 Inspection of Public Records Act violations) and such punitive damages as the Court deems reasonable and in accordance with our history and tradition of American Justice, thus in the public interest.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746.  18 U.S.C. Sec. 1621.

Executed at _1390 Lillie DR, Bosque Farms, NM_ on _December 14_ 20_08_
　　　　　　　　　　(Location)　　　　　　　　　　　　(Date)

　　　　　　　　　　　　　　　　_William A. Mitchell_
　　　　　　　　　　　　　　　　　　(Signature)

XE-2   2/78　　　　　　　　　　　　　- 6 -