IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM ARNOLD MUCKERHEIDE,

          Plaintiff,

   vs.                                       CIVIL NO.  08-1159 WJ/LFG

NEW MEXICO TAXATION AND
REVENUE DEPARTMENT et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

### Introduction

THIS MATTER is before the Court on a *sua sponte* review of Plaintiff William Arnold Muckerheide's ("Muckerheide") Complaint.  On December 17, 2008, Muckerheide filed a typewritten four-page civil rights complaint, under 42 U.S.C. § 1983, against many defendants, including the state government entities in New Mexico and Massachusetts and individual state officials in both states.  [Doc. 1.]  Muckerheide's § 1983 complaint concerns the renewal or alleged deprivation of his driver's license.[1]  Muckerheide is a *pro se* Plaintiff and paid a filing fee.  [Doc. 2.]  No motions have been filed in this case other than Muckerheide's motion for preliminary injunction, entered December 30, 2008.  [Doc. 3.]  No defendants have been served.

### *Sua Sponte* Review

If Muckerheide had sought to proceed *in forma pauperis*, i.e., had not remitted a filing fee, the Court could have conducted a *sua sponte* review of his civil rights complaint pursuant to 18

---

[1]On the same date, December 17, 2008, Muckerheide filed another civil rights complaint in federal court against the Village of Bosque Farms and Bosque Farms police officers – 08cv1162 KBM/WDS.  That case also is pending and appears to relate to Muckerheide's driver's license as well.

U.S.C. § 1915.  However, even though the full filing fee was paid, Muckerheide's claims still are subject to an initial sua sponte review by the Court in accordance with the Court's inherent authority to ensure that the court has jurisdiction and that the case is not frivolous.  *See* Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("District Courts . . . are . . . capable of determining when an action is frivolous . . . [and] . . . may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee. . . . Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus, have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); *accord* Williams v. Madden, 9 F. App'x 996, 997 2001 WL 661086 (10th Cir. June 13, 2001) (agreeing that a trial court has inherent authority to dismiss a complaint as frivolous and malicious regardless of the plaintiff's filing status).  *See also* Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) (stating in *dicta* that "there is little doubt [courts] would have power to [dismiss a frivolous or malicious action] even in the absence of [*in forma pauperis* statute])."

While the Court recognizes that it must liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys, Estelle v. Gamble, 429 U.S. 97 (1976), this does not mean that the court overlooks clear failures in the pleadings to set forth claims that are cognizable in a federal district court.  *See* Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187-88 (10th Cir.2003) (quotations omitted) (although court liberally construes pro se filings, the court does not "assume the role of advocate."); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1995) (pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"), *cert. denied,* 513 U.S. 1090 (1995).

Even after liberally construing Muckerheide's complaint, the Court determines that it cannot withstand scrutiny under Rule 12(b) and therefore, must be dismissed, without prejudice.

## Allegations of the Complaint

In this lawsuit, Muckerheide attempts to sue about fifteen individuals or groups of defendants, including the New Mexico Taxation and Revenue Department; its Motor Vehicle Division; the New Mexico Secretary of Taxation; the Director of the Motor Vehicle Division; the Town of Tisbury, Massachusetts; its governing body and Tax Collector; the Board of Selectmen of Tisbury; the Tisbury Tax Collector; the Massachusetts Registry of Motor Vehicles and its Registrar; the U.S. Department of Transportation and its National Highway Traffic Safety Administration; the Massachusetts Supervisor of Public Records; the Staff Attorney for the Massachusetts Supervisor of Public Records Office; the American Association of Motor Vehicle Administrators; and its Board of Director.

Muckerheide's lawsuit arises out of a dispute concerning the suspension of his driver's license in the Commonwealth of Massachusetts for failing to pay a Massachusetts state imposed tax. As a result of the failure to pay the tax, and pursuant to interstate compacts with other states, when Muckerheide sought to renew a driver's license in the State of New Mexico, he was denied the driver's license renewal.  Muckerheide seeks compensatory damages and injunctive relief in this 42 U.S.C. § 1983 lawsuit.

The Court deals first with Muckerheide's claims against federal agencies, including the U.S. Department of Transportation and its National Highway Traffic Safety Administration.[2] Muckerheide fails to state a claim against the U.S. Department of Transportation because 42 U.S.C.

---

[2]For some reason, Muckerheide named the U.S. Department of Transportation and National Highway Traffic Safety Administration as Defendants twice.

3

§ 1983 requires that a "person" deprived the plaintiff of a constitutional or federally protected right, while acting under the *color of state law*. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978)  The U.S. Department of Transportation and its National Highway Traffic Safety Administration are federal agencies, acting under federal law rather than state law.  Simply stated, a 42 U.S.C. § 1983 claim cannot be brought against a federal agency.[3]  Thus, Muckerheide's proposed lawsuit against federal agencies must be dismissed under Fed. R. Civ. P. 12(b).

Muckerheide's claims against various Massachusetts agencies or officials is subject to dismissal for other reasons.  First, a state may not be sued without its consent in a federal forum. Dept. of Public Affairs v. Colorado Dept. of Corrections, 216 F.Supp.2d 1167, 1169 (D. Colo. 2002) ("It is well-established that absent an unmistakable waiver by a State of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies.") (internal citations omitted).

The Commonwealth of Massachusetts has Eleventh Amendment immunity against suits in a federal court, and in the absence of its waiver of that immunity, the lawsuit may not go forward. Secondly, even if there was a waiver of immunity, the District of New Mexico has no *in personam* jurisdiction over the Commonwealth of Massachusetts or its public officials.  They are not amenable to suit in this forum, and to the extent Muckerheide may have a legitimate cause of action against the Commonwealth of Massachusetts or its officials, he has chosen the wrong forum in which to proceed.  In other words, if Muckerheide has a legitimate cause of action against the Commonwealth

---

[3]While a party may seek to assert a Bivins claim against federal officials, none has been asserted in this case.  *See* Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

4

of Massachusetts or its officials, he must file a lawsuit in the appropriate state or federal court in

Massachusetts, not in New Mexico.

The same is true for the American Association of Motor Vehicle Administrators and it Board

of Directors.  Muckerheide lists an Arlington, Virginia address for the AAMVA.  However, his

Complaint fails to indicate how, if at all, New Mexico has *in personam* jurisdiction over the Board

of Directors of an Arlington, Virginia organization.  Nothing in the Complaint indicates that they

are amenable to suit in this forum.

Muckerheide also seeks to sue the Town of Tisbury, various Selectmen and Town public

officials.  While these Defendants may be amenable to suit under 42 U.S.C. § 1983, again,

Muckerheide has chosen the wrong forum.  The District of New Mexico has no jurisdiction over

these Defendants, and to the extent Muckerheide wishes to proceed on his claimed constitutional

violations, he should select an appropriate forum that can assert jurisdiction over these Defendants.

Finally, Muckerheide names the New Mexico Taxation & Revenue Department, the

Secretary of the Taxation and Revenue Department, and the Director of the New Mexico Motor

Vehicle Division as Defendants.  For the same reasons stated in reference to the Commonwealth of

Massachusetts, these Defendants have Eleventh Amendment immunity from suit in a federal forum.

Moreover, the State is not a "person" for purposes of § 1983 litigation, and to the extent

Muckerheide seeks damages from the State, it is not a person under § 1983.  Will v. Michigan Dept.

of State Police, 491 U.S. 58, 66-71 (1989).  So, too, to the extent Muckerheide seeks damages

against a public official in an official capacity, it is tantamount to suing the State, which fails as a

matter of law.

**<u>Conclusion</u>**

It is apparent that Muckerheide's lawsuit deals with entities or individuals not amenable to suit in New Mexico.  Thus, the Court concludes that it does not have jurisdiction over the claims, Plaintiff fails to state a claim, or that the claims are frivolous and subject to dismissal.

IT IS THEREFORE ORDERED that Muckerheide's Complaint is DISMISSED, and that this matter is dismissed, in its entirety, without prejudice.

_____
UNITED STATES DISTRICT JUDGE